JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

**B-01-037**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

United States District Court
Southern District of Texas
FILED
MAR 0 5 2001
Michael N. Milby
Clerk of Court

## I. (a) PLAINTIFFS
Graciela Cisneros, Individually and as Representative of the Estate of Fernando Cisneros, Deceased

## DEFENDANTS
Brownsville Medical Center, Tenet Healthcare, Inc., and Transamerica Assurance Company

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Cameron Co., TX
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Cameron Co., TX
(IN U.S. PLAINTIFF CASES ONLY)
NOTE.  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Denis A. Downey   (956) 544-0561
1185 F.M. 802, Suite 3
Brownsville, Texas 78526-1538

ATTORNEYS (IF KNOWN)  for Transamerica Assurance Company
Shayne D. Moses, (817) 877-2843, 801 Cherry Street, Suite 2100, Fort Worth, Texas 76102
Eduardo Roberto Rodriguez, (956) 542-7411, P. O. Box 2155, Brownsville, Texas 78522

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 U.S.C. Sections 1132(a) and (e)
29 U.S.C. Section 1144

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):
JUDGE

DOCKET NUMBER

DATE  3/5/01

SIGNATURE OF ATTORNEY OF RECORD
Shayne D. Moses w/perm    Eduardo R. Rodriguez

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG JUDGE

This form was electronically produced by Elite Federal Forms, Inc.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR - 5 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| GRACIELA CISNEROS, Individually and as Representative of the Estate of FERNANDO CISNEROS, Deceased, | § § § § |
| Plaintiff, | § § |
| VS. | § § |
| BROWNSVILLE MEDICAL CENTER, TENET HEALTHCARE, INC. and TRANSAMERICA ASSURANCE COMPANY, | § § § § § |
| Defendants. | § § |

## B-01-037

CIVIL ACTION NO.:_____

(STATE COURT No.: 2001-02-590-A)

## DEFENDANT TRANSAMERICA ASSURANCE COMPANY'S
## NOTICE OF REMOVAL

Defendant Transamerica Assurance Company ("Transamerica"), incorrectly sued as

Transamerica Life Companies in the underlying state court cause of action, hereby removes this

action from the District Court of Cameron County, Texas, and as grounds therefor respectfully

represents to the Court the following

1.

At 11:05 a.m. on February 2, 2001, Graciela Cisneros, individually and as representative

of the Estate of Fernando Cisneros, Deceased ("Cisneros"), filed a civil petition against

Transamerica in the 107th Judicial District Court of Cameron County, Texas, in Cause No.

2001-02-590-A styled *Graciela Cisneros, Individually and as Representative of the Estate of*

*Fernando Cisneros, Deceased v. Brownsville Medical Center, Tenet Healthcare, Inc. and*

*Transamerica Life Companies*.  A copy of Cisneros' original petition is attached to this notice as Exhibit A and incorporated herein by reference.  On or about February 2, 2001, the deputy district clerk of Cameron County, Texas, sent by registered or certified mail a true and correct copy of Plaintiff's Original Petition accompanied by a citation, a copy of which is attached to this notice as Exhibit B and incorporated herein by reference.  On February 8, 2001, Transamerica received the original petition and citation.  Contemporaneous with its receipt of the citation and original petition, Transamerica received a copy of a Jury Request in Cause No. 2000-08-3539-A styled *Patricia Young d/b/a Deluxe Ice Cream v. Ruben S. Garcia, Jr., State Farm Lloyds, Inc. and/or d/b/a State Farm Lloyds*.  Transamerica is uncertain as to why this Jury Request was sent and as to what effect, if any, it has.  Regardless, a true and correct copy of said Jury Request is attached to this notice as Exhibit C and incorporated by reference.  Exhibits A, B and C are the only documents served on Transamerica in the state court proceeding.

2.

Transamerica filed an Original Answer to Plaintiff's Original Petition in a timely fashion.  A true and correct copy of Transamerica's Original Answer is attached to this notice as Exhibit D and incorporated by reference.  No proceedings have occurred in the underlying action asserting claims or requesting relief or discovery other than the following:

(a)     Plaintiff's Original Petition;

(b)     Citation served on Transamerica on February 8, 2001;

(c)     Citation served on Brownsville Medical Center ("Brownsville") on February 12, 2001;

(d)     Jury Request;

---

(e)    Defendant Transamerica Assurance Company's Original Answer; and

(f)    Certified copy of state court docket sheet.

3.

At the time of filing this removal, neither Brownsville nor Tenet Healthcare, Inc. ("Tenet"), have filed an answer. They are, however, identified as defendants and apparently Brownsville has been served with a copy of Plaintiff's Original Petition and a citation. Accordingly, a list of all of the parties in this case, and their counsel of record, if any, is as follows:

(a)    Plaintiff:          Graciela Cisneros, Individually and as Representative of the
                          Estate of Fernando Cisneros, Deceased

       Counsel of Record:  Denis A. Downey
                          State Bar No. 06085500
                          Federal ID No. 1186
                          1185 F.M. 802, Suite 3
                          Brownsville, Texas  78526-1538
                          Phone: (956) 544-0561
                          Fax:    (956) 544-0562

(b)    Defendant:         Brownsville Medical Center

(c)    Defendant:         Tenet Healthcare, Inc.

(d)    Defendant:         Transamerica Assurance Company

       Counsel of Record:  Shayne D. Moses, Attorney in Charge
                          State Bar No. 14578980
                          Federal ID No. 15350
                          801 Cherry Street, Suite 2100
                          Fort Worth, Texas  76102
                          Phone:  (817) 877-2800
                          Fax:    (817) 877-2807
                          Of Counsel:
                              CANTEY & HANGER, L.L.P.

---

Eduardo Roberto Rodriguez    and Lecia L. Chaney
State Bar No. 17144000         State Bar #00785757
Federal ID No. 1944           Federal ID #16499
1201 E. Van Buren Street – 78520
P. O. Box 2155
Brownsville, Texas  78522
Phone:   (956) 542-7441
Fax:     (956) 541-2170
Of Counsel:
       RODRIGUEZ, COLVIN & CHANEY, L.L.P.

4.

The underlying case which is being removed is currently pending and is subject to removal under the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  In Plaintiff's Original Petition, claims are made against Transamerica relating to a "life, health, and disability insurance [policy] written by Defendant Transamerica.  Premiums for such insurance were paid monthly through deductions taken by BMC [Brownsville] from the deceased's BMC paycheck.  Such premium deductions had been taken for many years."  Though not specifically spelled out, the benefits which Plaintiff seeks to recover, if existing, would have arisen solely as a result of part of a term life insurance group master policy (the "Plan"), allegedly in force between Tenet and Tenet's employees insured under the Plan.  Specifically, Cisneros claims that Transamerica is obligated to pay "in excess of $100,000.00 in life insurance."   While Transamerica denies that coverage under the Plan was in effect for Fernando Cisneros on his death, any claim for benefits by Cisneros would necessarily relate to an "Employee Benefit Plan" within the meaning of ERISA.  To the extent Cisneros may have any rights of recovery in this action, such rights could only arise from Fernando Cisneros' status as a "participant" within the

---

meaning of ERISA. Therefore, original jurisdiction over this civil action arising from the claim made by Cisneros is vested in this Court under 29 U.S.C. §§ 1132(a) and (e) authorizing removal of this suit to this Court.

5.

Cisneros' claims related to an employee benefit plan are governed solely by federal law because state law relating to such claims is preempted under 29 U.S.C. § 1144. Because it appears from Cisneros' original petition that the claims in this case arise under the laws of the United States, specifically ERISA, which confer original jurisdiction upon the District Court of the United States which preempt conflicting state laws, removal of this action to this Court is also proper under 28 U.S.C. §§ 1441(a) and (c).

6.

This notice of removal is timely filed with the Court pursuant to 28 U.S.C. § 1446(b) and Rule 81(c) of the Federal Rules of Civil Procedure. Immediately upon the filing of this Notice of Removal, Transamerica will give written notice to Cisneros' attorney of the removal of this case and will file a copy of this Notice of Removal with the Clerk of the District Court of Cameron County, Texas, for filing with the papers of Cisneros' suit there and will give proof of such notice and filing to this Honorable Court.

7.

Based on the above, Transamerica asks that this Court assume jurisdiction of this suit and retain it for final disposition.

---

Shayne D. Moses, Attorney in Charge
State Bar No. 14578980
Federal ID No. 15350
801 Cherry Street, Suite 2100
Fort Worth, Texas  76102
(817) 877-2800
(817) 877-2807 -- Fax
Of Counsel:
    CANTEY & HANGER, L.L.P.

Eduardo Roberto Rodriguez  and Lecia L. Chaney
State Bar No. 17144000  State Bar #00785757
Federal ID No. 1944  Federal ID #16499
1201 E. Van Buren Street – 78520
P. O. Box 2155
Brownsville, Texas  78522
(956) 542-7441
(956) 541-2170
Of Counsel:
    RODRIGUEZ, COLVIN & CHANEY, L.L.P.

ATTORNEYS FOR DEFENDANT,
TRANSAMERICA ASSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Notice of Removal has been mailed to Plaintiff's counsel of record by certified mail, return receipt requested, on this the _5th_ day of March, 2001, addressed as follows:

    Denis A. Downey
    1185 F.M. 802, Suite 3
    Brownsville, Texas  78526-1538

---

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GRACIELA CISNEROS, Individually and | § | |
| as Representative of the Estate of | § | |
| FERNANDO CISNEROS, Deceased, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.:_____ |
| | § | |
| BROWNSVILLE MEDICAL CENTER, | § | (STATE COURT NO.:  2001-02-590-A) |
| TENET HEALTHCARE, INC. and | § | |
| TRANSAMERICA ASSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |

## INDEX TO ATTACHMENTS TO DEFENDANT
TRANSAMERICA ASSURANCE COMPANY'S NOTICE OF REMOVAL

EXHIBIT/TAB

Plaintiff's Original Petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A

Citation showing service on Transamerica Assurance Company (incorrectly
    sued as Transamerica Life Companies) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . B

Jury Request served on Transamerica . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . C

Defendant Transamerica Assurance Company's Original Answer . . . . . . . . . . . . . . . . . D

Citation showing service on Brownsville Medical Center . . . . . . . . . . . . . . . . . . . . . . E

Certified copy of state court docket sheet . . . . . . . . . . . . . . . . . . . . . . . . . . . . . F

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

FEB 0 2 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

CAUSE NO. 2001-02-590-A

| | | |
|---|---|---|
| GRACIELA CISNEROS, Individually | § | IN THE DISTRICT COURT OF |
| and As Representative of the Estate of | § | |
| FERNANDO CISNEROS, DECEASED | § | |
| Plaintiff | § | |
| | § | |
| | § | CAMERON COUNTY, TEXAS |
| | § | |
| BROWNSVILLE MEDICAL CENTER, | § | |
| TENET HEALTHCARE, INC. and | § | |
| TRANSAMERICA LIFE COMPANIES | § | |
| Defendants | § | 10TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW Graciela Cisneros, a widow, and would show as follows:

I.

Defendants Brownsville Medical Center (BMC) and Tenet Healthcare, Inc. ("Tenet") may be served by serving the chief hospital administrator of BMC at 1040 West Jefferson, Brownsville, Texas 78520. Defendant Transamerica Life Companies ("Transamerica") may be served by certified mail at P.O. Box 30852, Los Angeles, California 90030-0852.

II.

Graciela Cisneros is a resident of Cameron County, Texas where all causes of action arose.

III.

FACTUAL ALLEGATIONS

Plaintiff's husband, Fernando Cisneros, Deceased ("the deceased"), was a longtime employee of Defendant where he worked as an x-ray technician. Plaintiff's deceased husband had

life, health, and disability insurance written by Defendant Transamerica. Premiums for such insurance were paid monthly through deductions taken by BMC from the deceased's BMC paycheck. Such premium deductions had been taken for many years.

<div align="center">IV.</div>

While insured, and while still employed by BMC, the deceased applied to increase his hospital-based life insurance. Under the terms of the deceased's hospital-administered insurance policies increases had to be made during a specific period of the year. During such period of time the deceased consulted a physician, however, at such point in time no diagnosis had been made nor attempted and it appeared to the deceased that he had some sort of cyst in his neck area.. The deceased had earlier decided to increase his hospital-based life insurance because of the overall realization that it was inadequate coverage for his wife and children. The deceased's subsequent visit to the above-referenced deceased's physician reminded the deceased that good health is not a guarantee for anyone and such visit caused the deceased to carry out his plan to increase coverage.

<div align="center">V.</div>

In the weeks that ensued, the deceased consulted with other physicians and had other tests performed with the ultimate medical diagnosis of cancer being made. Thereafter the deceased underwent an aggressive cancer treatment program in Houston, Texas. Such treatment program rendered the deceased disabled and unable to return to work. Because of hospital-based *disability* insurance, the deceased continued to receive his salary just as he had beforehand. The deceased's life insurance and health insurance were provided by entities owned or controlled by the deceased's employer, to wit, Transamerica Life Companies. During this period of time the deceased was seriously ill and struggling with the effects of the aggressive treatment regimen.

## VI.

In March of the following year, the deceased passed away from what had turned out to be a rare form of cancer. After the death of her husband, **Plaintiff** immediately went to BMC to find out what steps would have to be taken in order to receive the deceased's life insurance benefits, some part of which Plaintiff needed in order to pay for the deceased's funeral expenses. At that time BMC staff said the deceased had in excess of $100,000.00 in life insurance which was payable to Plaintiff. Plaintiff then filled out certain claims forms and then waited to receive the proceeds of the said life insurance policy.

## VII.

Thereafter, however, Plaintiff was told by BMC that actually there was no life insurance available because the deceased "had not been paying his insurance premiums in the months preceding his death". In effect, what BMC was saying was that defendants had not paid the insurance premiums from the deceased's disability wage payments. Not only did BMC and its insurance entities not ever give the deceased any notice of any alleged premium deficiencies, moreover, BMC was well aware of the deceased's total disability and declining mental and physical health but, further, had apparently continued to pay, through health insurance subsidiaries, the deceased's *medical expenses* via the deceased's hospital-based medical insurance. At no time prior to the deceased's death was there any assertion or notice of an alleged nonpayment of *any* insurance premium (i.e., health insurance or life insurance). Further, at no time prior to the aforementioned allegation of non-payment of *life* insurance premiums, did BMC ever assert, as a grounds for non-payment of policy benefits, any other reason other than nonpayment of premiums.

## VIII.

Thereafter, after defendants' initial claim that the deceased had not paid premiums, in

response to a payment demand made by Plaintiff's attorney, defendants took the position that the deceased's life insurance benefits would not be paid insofar as they represented the increased coverage which the deceased had obtained in the year prior to the deceased's death *because the deceased had allegedly been treated for cancer before the deceased had applied for the increase in life insurance.*

<div align="center">IX.</div>

Plaintiff says that Defendants breached their contract(s) of insurance with the deceased, his heirs and successors.

<div align="center">X.</div>

Plaintiff says that Transamerica Insurance Companies, at all relevant times subsidiaries of BMC and Tenet, or agents thereof, engaged in unfair insurance settlement practices as enumerated in Art. 21.21 § 4(10) of the Texas Insurance Code, and § 17.46 (b) 5,7 and § 17. 50 of the Texas Bus. & Commerce Code by misrepresenting coverage premiums, failing to promptly, fairly and equitably setting the case when liability was reasonably clear, refusing to pay the claim without first conduction a reasonable investigation and by a failure to timely pay a death benefit.

Plaintiff further says that Defendant breached the duty of good faith and fair dealing by failing to pay the benefits in accordance with the terms of policy of insurance when liability was reasonably clear.

<div align="center">XI.</div>

Plaintiff further says that Defendants BMC and Tenet assumed the responsibility for collecting the health, disability, and life insurance premiums from its employees like the deceased, same being collected for the use and benefit of BMC's subsidiary and/or affiliate insurance companies, to wit, Transamerica, which companies provided, for profit, the said health, disability,

CutePDF - www.tesnp.com

and life insurance coverages referred to herein.  Plaintiff says that to the extent that said collection responsibility was not a contractual duty, that Defendants owed a duty of care to Plaintiff and Plaintiff's deceased husband to collect and/or notify the deceased of any need to make direct life insurance premium payments during period of the deceased's disability, or a duty of care to notify the deceased of any alleged default in the payment of life insurance premiums. The breach of said duty(s) amounted to negligence which proximately caused the losses referenced hereinafter.

<div align="center">XII.</div>

Plaintiff further says that Defendants BMC and Tenet failed to provide a safe working environment for the deceased, failing to install and maintain dangerous x-ray equipment in a proper fashion, and, further, failed to maintain a proper radiological monitoring program to protect workers exposed to the radiation utilized. Plaintiff says that such wrongful conduct proximately caused the death of the deceased and those damages accruing therefrom.

<div align="center">XIII.</div>

Plaintiff says that Defendant's conduct was so intentionally wrongful or reckless that an award of punitive damages should be made.  In that regard Plaintiff would show that since the deceased husband of Plaintiff had been BMC employee for such a long time, and because Defendant BMC is in the business of treating illness, that said Defendant had not only direct knowledge of the deceased's medical condition and terminal prognosis through contact with the deceased during his disability. but also that BMC's insurance subsidiaries. in providing the disability coverage, had written information of the deceased's critical medical condition and employment status.  Further. Plaintiff says that defendants Tenet and BMC are in the business of providing medical services to the public and should have been very aware of the dangers posed to its own x-ray technicians For such reasons. and because Defendants knew that Plaintiff was a widow with dependents. a significant

punitive damage award should be made.

## XIV.

Plaintiff says that all conditions precedent have been performed or have occurred with respect to the bringing of this lawsuit and for the recovery of all relief sought herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays as follows:

1.    That citation issue and be served upon defendants;

2.    That Plaintiff recover actual damages, punitive damages, and statutory penalties in an amount that exceeds the minimum jurisdictional amount of this court;

3.    That Plaintiff recover court costs, pre and post judgment interest and attorneys fees;

4.    That Plaintiff recover such other and further relief to which she may be entitled..

Respectfully Submitted,

_____

DENIS A. DOWNEY
Bar No. 06085500
Federal # 1186
1185 F.M. 802, Suite 3
Brownsville, Texas 78526-1538
956 544-0561 956 544-0562 (FAX)

ATTORNEY FOR PLAINTIFF

Citation for Personal Service  - BY CERTIFIED MAIL      Lit. Seq. # 5.004.01

No. 2001-02-000590-A

**ORIGINAL**

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: TRANSAMERICA LIFE COMPANIES
BY SERVING P.O. BOX 30852
LOS ANGELES, CALIFORNIA
90030-0852

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on FEBRUARY 02, 2001 .  A copy of same accompanies this citation.

The file number of said suit being No. 2001-02-000590-A.

The style of the case is:

GRACIELA CISNEROS, IND. AND AS REP OF THE ESTATE,
VS.
BROWNSVILLE MEDICAL CENTER, ET, AL.

Said petition was filed in said court by _____HON. DENIS A. DOWNEY_____ (Attorney for _____PLAINTIFF_____), whose address is 1185 F.M. 802, SUITE 3 BROWNSVILLE, TX  78526-1538                    .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 2nd day of FEBRUARY , A.D. 2001.

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

TRANSAMERICA LIF ECOMPANIES

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

**Recipient's Name** *(Please Print Clearly) (To be completed by mailer)*
TRANSAMERICA LIFE COMPANIES
*Street, Apt. No.; or PO Box No.*
P.O. BOX 30852
*City, State, ZIP+4*
LOS ANGELES, CALIFORNIA 0000

7000 0520 0017 0090 1671

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

CITATION ISSUED 02-02-01
2001-02-590-A

Aurora De La Garza
974 E. Harrison
Brownsville, TX 78520

FILED _____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
FEB 14 2001
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

CAUSE NO. 2000-08-3539-A

| | | |
|---|---|---|
| PATRICIA YOUNG | § | IN THE DISTRICT COURT OF |
| d/b/a DELUXE ICE CREAM | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RUBEN S. GARCIA, JR., | § | |
| STATE FARM LLOYDS, INC. and/or | § | |
| d/b/a STATE FARM LLOYDS | § | 103rd  JUDICIAL DISTRICT |

## JURY REQUEST

COMES NOW Plaintiff herein and paying the jury fee contemporaneously herewith, files this

jury request.

Respectfully Submitted,


_____
DENIS A. DOWNEY
Bar No. 06085500
Federal No. 1186
1185 F.M. 802, Suite 3
Brownsville, Texas 78526-1538
956-544-0561 / 956-544-0562 (FAX)

ATTORNEY FOR PLAINTIFF
PATRICIA YOUNG d/b/a DELUXE ICE CREAM

NO. 2001-02-590-A

FILED [illegible]  ORIG[...]  A
AURORA DE LA GARZA [illegible]

MAR 0 7 2001

DEPUTY [illegible]
*[handwritten signature]*

| | | |
|---|---|---|
| GRACIELA CISNEROS, Individually and | § | IN THE DISTRICT COURT |
| as Representative of the Estate of | § | |
| FERNANDO CISNEROS, Deceased, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| BROWNSVILLE MEDICAL CENTER, | § | |
| TENET HEALTHCARE, INC. and | § | |
| TRANSAMERICA LIFE COMPANIES, | § | |
| | § | |
| Defendants. | § | 107TH JUDICIAL DISTRICT |

## DEFENDANT TRANSAMERICA ASSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Transamerica Assurance Company, incorrectly sued as Transamerica Life Companies ("Transamerica"), a Defendant in the above styled and numbered cause, and makes and files this its Original Answer and for same states as follows:

1.

Transamerica exercises its right, pursuant to the Texas Rules of Civil Procedure, to generally deny each and every, all and singular, the allegations in Plaintiff's Original Petition and all amending petitions, and demands strict proof of the same by a preponderance of the evidence.

---

WHEREFORE, PREMISES CONSIDERED, Transamerica prays that Plaintiff take nothing by reason of this lawsuit and that Transamerica recover its costs on its behalf expended and all such other and further relief to which it may show itself justly entitled.

Shayne D. Moses, Attorney in Charge
State Bar No. 14578980
CANTEY & HANGER, L.L.P.
801 Cherry Street, Suite 2100
Fort Worth, Texas 76102
(817) 877-2800
(817) 877-2807 -- Fax

Eduardo Roberto Rodriguez
State Bar No. 17144000
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren Street
P. O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170

ATTORNEYS FOR DEFENDANT,
TRANSAMERICA ASSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Notice of Removal has been mailed to counsel of record by certified mail, return receipt requested, on this the 1st day of March, 2001.

DEFENDANT TRANSAMERICA ASSURANCE COMPANY'S ORIGINAL ANSWER                Page 2

Citation for Personal Service   - GENERAL _____   Lit. Seq. # 5.002.01

No. 2001-02-000590-A

**ORIGINAL**

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: BROWNSVILLE MEDICAL CENTER
    BY SERVING CHIEF HOSPITAL
    ADMINISTRATOR OF BMC
    1040 WEST JEFFERSON
    BROWNSVILLE, TEXAS 78520

FILED ___:30___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

FEB 1 6 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

the ____ DEFENDANT ____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION _____

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on FEBRUARY 02, 2001 .  A copy of same accompanies this citation.

The file number of said suit being No. 2001-02-000590-A.

The style of the case is:

GRACIELA CISNEROS, IND. AND AS REP OF THE ESTATE,
VS.
BROWNSVILLE MEDICAL CENTER, ET, AL.

Said petition was filed in said court by _____ HON. DENIS A. DOWNEY _____
(Attorney for _____ PLAINTIFF _____), whose address is
1185 F.M. 802, SUITE 3 BROWNSVILLE, TX  78526-1538

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 2nd day of FEBRUARY , A.D. 2001.

Cameron County Civil Process Service

FEES serving 1 copy

Total....... $ 45.00

Fees paid by: ____________________

Sheriff/constable Cameron County, TEXAS

By Z. Rod Rodriguez Deputy

FILED 3:55 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK
FEB 16 2001
DISTRICT COURT OF CAMERON COUNTY, TEXAS
Donalla Ahumada DEPUTY

ClibPDF - www.fastio.com

NO.  2001-02-590-A

| | | |
|---|---|---|
| GRACIELA CISNEROS, Individually and | § | IN THE DISTRICT COURT |
| as Representative of the Estate of | § | |
| FERNANDO CISNEROS, Deceased, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| BROWNSVILLE MEDICAL CENTER, | § | |
| TENET HEALTHCARE, INC. and | § | |
| TRANSAMERICA LIFE COMPANIES, | § | |
| | § | |
| Defendants. | § | 107TH JUDICIAL DISTRICT |

## DEFENDANT TRANSAMERICA ASSURANCE COMPANY'S
## NOTICE OF REMOVAL

Transamerica Assurance Company, incorrectly sued as Transamerica Life Companies

("Transamerica"), a Defendant in the above styled and numbered cause, hereby gives notice that

it has filed a Notice of Removal with the Clerk of the United States District Court for the Southern

District of Texas, Brownsville Division.  A true and correct copy of said Notice of Removal is

attached hereto as Exhibit A and incorporated herein by reference.  Accordingly, this action is

removed to the United States District Court as of the date of the filing of this notice in accordance

with federal law.  This Court is respectfully requested to proceed no further in this cause unless

and until such time as the case may be remanded by order of the United States District Court.

Respectfully submitted,

Shayne D. Moses, Attorney in Charge
State Bar No. 14578980
CANTEY & HANGER, L.L.P.
801 Cherry Street, Suite 2100
Fort Worth, Texas  76102
(817) 877-2800
(817) 877-2807  --  Fax

Eduardo Roberto Rodriguez and Lecia L. Chaney
State Bar No. 17144000    State Bar #00785757
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren Street – 78520
P. O. Box 2155
Brownsville, Texas  78522
(956) 542-7441
(956) 541-2170

ATTORNEYS FOR DEFENDANT,
TRANSAMERICA ASSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Notice of Removal has been mailed to counsel of record by certified mail, return receipt requested, on this the 5th day of March, 2001.

---

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GRACIELA CISNEROS, Individually and as Representative of the Estate of FERNANDO CISNEROS, Deceased, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO.:_____ |
| BROWNSVILLE MEDICAL CENTER, TENET HEALTHCARE, INC. and TRANSAMERICA ASSURANCE COMPANY, | § § § § § | (State Court No.: 2001-02-590-A) |
| Defendants. | § | |

## DEFENDANT TRANSAMERICA ASSURANCE COMPANY'S
## NOTICE OF REMOVAL

Defendant Transamerica Assurance Company ("Transamerica"), incorrectly sued as Transamerica Life Companies in the underlying state court cause of action, hereby removes this action from the District Court of Cameron County, Texas, and as grounds therefor respectfully represents to the Court the following

1.

At 11:05 a.m. on February 2, 2001, Graciela Cisneros, individually and as representative of the Estate of Fernando Cisneros, Deceased ("Cisneros"), filed a civil petition against Transamerica in the 107th Judicial District Court of Cameron County, Texas, in Cause No. 2001-02-590-A styled *Graciela Cisneros, Individually and as Representative of the Estate of Fernando Cisneros, Deceased v. Brownsville Medical Center, Tenet Healthcare, Inc. and*

*Transamerica Life Companies*. A copy of Cisneros' original petition is attached to this notice as Exhibit A and incorporated herein by reference. On or about February 2, 2001, the deputy district clerk of Cameron County, Texas, sent by registered or certified mail a true and correct copy of Plaintiff's Original Petition accompanied by a citation, a copy of which is attached to this notice as Exhibit B and incorporated herein by reference. On February 8, 2001, Transamerica received the original petition and citation. Contemporaneous with its receipt of the citation and original petition, Transamerica received a copy of a Jury Request in Cause No. 2000-08-3539-A styled *Patricia Young d/b/a Deluxe Ice Cream v. Ruben S. Garcia, Jr., State Farm Lloyds, Inc. and/or d/b/a State Farm Lloyds*. Transamerica is uncertain as to why this Jury Request was sent and as to what effect, if any, it has. Regardless, a true and correct copy of said Jury Request is attached to this notice as Exhibit C and incorporated by reference. Exhibits A, B and C are the only documents served on Transamerica in the state court proceeding.

<div align="center">2.</div>

Transamerica filed an Original Answer to Plaintiff's Original Petition in a timely fashion. A true and correct copy of Transamerica's Original Answer is attached to this notice as Exhibit D and incorporated by reference. No proceedings have occurred in the underlying action asserting claims or requesting relief or discovery other than the following:

(a)     Plaintiff's Original Petition;

(b)     Citation served on Transamerica on February 8, 2001;

(c)     Citation served on Brownsville Medical Center ("Brownsville") on February 12, 2001;

(d)     Jury Request;

---

(e)     Defendant Transamerica Assurance Company's Original Answer; and

(f)     Certified copy of state court docket sheet.

3.

At the time of filing this removal, neither Brownsville nor Tenet Healthcare, Inc. ("Tenet"), have filed an answer.   They are, however, identified as defendants and apparently Brownsville has been served with a copy of Plaintiff's Original Petition and a citation. Accordingly, a list of all of the parties in this case, and their counsel of record, if any, is as follows:

(a)     Plaintiff:          Graciela Cisneros, Individually and as Representative of the
                            Estate of Fernando Cisneros, Deceased

        Counsel of Record:  Denis A. Downey
                            State Bar No. 06085500
                            Federal ID No. 1186
                            1185 F.M. 802, Suite 3
                            Brownsville, Texas 78526-1538
                            Phone:  (956) 544-0561
                            Fax:    (956) 544-0562

(b)     Defendant:          Brownsville Medical Center

(c)     Defendant:          Tenet Healthcare, Inc.

(d)     Defendant:          Transamerica Assurance Company

        Counsel of Record:  Shayne D. Moses, Attorney in Charge
                            State Bar No. 14578980
                            Federal ID No. 15350
                            801 Cherry Street, Suite 2100
                            Fort Worth, Texas  76102
                            Phone:  (817) 877-2800
                            Fax:    (817) 877-2807
                            Of Counsel:
                                    CANTEY & HANGER, L.L.P.

Eduardo Roberto Rodriguez   and Lecia L. Chaney
State Bar No. 17144000        State Bar #00785757
Federal ID No. 1944           Federal ID #16499
1201 E. Van Buren Street – 78520
P. O. Box 2155
Brownsville, Texas 78522
Phone:   (956) 542-7441
Fax:     (956) 541-2170
Of Counsel:
        RODRIGUEZ, COLVIN & CHANEY, L.L.P.

4.

The underlying case which is being removed is currently pending and is subject to removal under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). In Plaintiff's Original Petition, claims are made against Transamerica relating to a "life, health, and disability insurance [policy] written by Defendant Transamerica. Premiums for such insurance were paid monthly through deductions taken by BMC [Brownsville] from the deceased's BMC paycheck. Such premium deductions had been taken for many years." Though not specifically spelled out, the benefits which Plaintiff seeks to recover, if existing, would have arisen solely as a result of part of a term life insurance group master policy (the "Plan"), allegedly in force between Tenet and Tenet's employees insured under the Plan. Specifically, Cisneros claims that Transamerica is obligated to pay "in excess of $100,000.00 in life insurance." While Transamerica denies that coverage under the Plan was in effect for Fernando Cisneros on his death, any claim for benefits by Cisneros would necessarily relate to an "Employee Benefit Plan" within the meaning of ERISA. To the extent Cisneros may have any rights of recovery in this action, such rights could only arise from Fernando Cisneros' status as a "participant" within the

meaning of ERISA. Therefore, original jurisdiction over this civil action arising from the claim made by Cisneros is vested in this Court under 29 U.S.C. §§ 1132(a) and (e) authorizing removal of this suit to this Court.

<div align="center">5.</div>

Cisneros' claims related to an employee benefit plan are governed solely by federal law because state law relating to such claims is preempted under 29 U.S.C. § 1144. Because it appears from Cisneros' original petition that the claims in this case arise under the laws of the United States, specifically ERISA, which confer original jurisdiction upon the District Court of the United States which preempt conflicting state laws, removal of this action to this Court is also proper under 28 U.S.C. §§ 1441(a) and (c).

<div align="center">6.</div>

This notice of removal is timely filed with the Court pursuant to 28 U.S.C. § 1446(b) and Rule 81(c) of the Federal Rules of Civil Procedure. Immediately upon the filing of this Notice of Removal, Transamerica will give written notice to Cisneros' attorney of the removal of this case and will file a copy of this Notice of Removal with the Clerk of the District Court of Cameron County, Texas, for filing with the papers of Cisneros' suit there and will give proof of such notice and filing to this Honorable Court.

<div align="center">7.</div>

Based on the above, Transamerica asks that this Court assume jurisdiction of this suit and retain it for final disposition.

_____

Shayne D. Moses, Attorney in Charge
State Bar No. 14578980
Federal ID No. 15350
801 Cherry Street, Suite 2100
Fort Worth, Texas  76102
(817) 877-2800
(817) 877-2807 -- Fax
Of Counsel:
        CANTEY & HANGER, L.L.P.

Eduardo Roberto Rodriguez  and Lecia L. Chaney
State Bar No. 17144000      State Bar #00785757
Federal ID No. 1944         Federal ID #16499
1201 E. Van Buren Street – 78520
P. O. Box 2155
Brownsville, Texas  78522
(956) 542-7441
(956) 541-2170
Of Counsel:
        RODRIGUEZ, COLVIN & CHANEY, L.L.P.

ATTORNEYS FOR DEFENDANT,
TRANSAMERICA ASSURANCE COMPANY


## CERTIFICATE OF SERVICE

        This is to certify that a true and correct copy of the above and foregoing Notice of Removal has been mailed to Plaintiff's counsel of record by certified mail, return receipt requested, on this the ___5th___ day of March, 2001, addressed as follows:

        Denis A. Downey
        1185 F.M. 802, Suite 3
        Brownsville, Texas  78526-1538

_____

RUN DATE 03/02/01
RUN TIME 2:10 PM

GRACIELA CISNEROS, IND. AND AS REP OF THE ESTATE,

VS

BROWNSVILLE MEDICAL CENTER, ET, AL.

* * * * C L E R K ' S   E N T R I E S * * * *

CERTIFIED COPY

00005901                                                                              (06)
HON. DENIS A. DOWNEY
1185 F.M. 802, SUITE 3                                          BREACH OF CONTRA
BROWNSVILLE, TX          78526 1538

00571101
SHAYNE D. MOSES
801 CHERRY STREET,   SUITE 2100
FORT WORTH, TEXAS      76102 0000

02/02/01   ORIGINAL PETITI
02/02/01   CITATION: BROWN
02/02/01   SERVED: 02/1
02/02/01   CITATION (CM) :
           COMPANIES
02/02/01   SERVED: 02/0
03/02/01   ORIGINAL ANSWER
           COMPANIES

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE ____MAY 02 2001____
BY _____ DEPUTY