IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 1 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GRACIELA CISNEROS, Individually and as Representative of the Estate of FERNANDO CISNEROS, Deceased, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO: B-01-037 |
| BROWNSVILLE MEDICAL CENTER, TENET HEALTHCARE, INC. and TRANSAMERICA ASSURANCE COMPANY, | § § § § § § | |
| Defendants. | § § | |

## DEFENDANT BROWNSVILLE MEDICAL CENTER'S ORIGINAL ANSWER

COMES NOW Defendant Tenet Healthcare, Ltd. d/b/a Brownsville Medical Center, erroneously named as Tenet Healthcare, Inc., and by way of answer would show:

1.

Defendant denies that "Tenet Healthcare, Inc." may be served by serving the chief hospital administrator of BMC at 1040 West Jefferson, Brownsville, Texas 78520 because no such entity exists. Defendant does not deny that Brownsville Medical Center may be served by serving the chief hospital administrator of BMC at 1040 West Jefferson, Brownsville, Texas 78520. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegation in Paragraph 1.

2.

Defendant does not deny the allegation contained in Paragraph 2.

3.

Defendant does not deny that Plaintiff's husband, Fernando Cisneros, deceased, was an employee of Defendant who worked as an x-ray technician. Defendant does not deny that the deceased had employer provided core life insurance and that for a period, deceased had supplemental life insurance, both written by co-defendant Transamerica Assurance Company. Defendant does not deny that deceased paid some of the premiums for his supplemental life insurance via payroll deduction. Defendant does not deny that the deceased had medical and disability insurance and that deceased paid some of the premiums via payroll deduction. Defendant denies that either the medical or disability insurance for deceased was "written by Defendant Transamerica." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of Plaintiff's allegations in Paragraph 3 and, therefore, denies them.

4.

Defendant does not deny that the deceased increased his supplemental life insurance and that such elections were required to be made during specified benefit enrollment periods. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 4 and, therefore, denies them.

5.

Defendant does not deny that the deceased was diagnosed with cancer and that he was unable to return to work while undergoing treatment. Defendant does not deny that the deceased received benefits under his disability insurance coverage. Defendant denies that "[t]he deceased's life insurance and health insurance were provided by entities owned or controlled by the deceased's employer, to wit, Transamerica Life Companies." Defendant is without knowledge or information

sufficient to form a belief as to the truth of Plaintiff's remaining allegations in Paragraph 5 and, therefore, denies them.

6.

Defendant does not deny that the deceased died of cancer in March 1999. Defendant denies that it informed Plaintiff that the deceased had in excess of $100,000 in life insurance payable to Plaintiff. Defendant does not deny that Plaintiff completed forms necessary for her to receive the deceased's life insurance proceeds. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations in Paragraph 6 and, therefore, denies them.

7.

Defendant denies the allegations in Paragraph 7.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 8 and, therefore, denies them.

9.

Defendant denies the allegation in Paragraph 9.

10.

Defendant denies the allegations in Paragraph 10.

11.

Defendant denies the allegations in Paragraph 11.

12.

Defendant denies the allegations in Paragraph 12.

13.

Defendant denies the allegations in Paragraph 13.

14.

Defendant denies the allegations in Paragraph 14. Defendant denies that Plaintiff has performed all conditions precedent with respect to the filing of this lawsuit. Plaintiff failed to provide written notice of her complaint and damages as required by the Texas Deceptive Trade Practices Act ("DTPA"), Chapter 17 of the TEX. BUS. & COM. CODE ANN., § 17.505; and Plaintiff failed to exhaust her administrative remedies as set forth in Defendant's ERISA plan.

## AFFIRMATIVE DEFENSES

For further answer, if any is necessary, Defendant alleges by way of affirmative defense:

1.

Plaintiff's breach of contract, negligence, DTPA, breach of the duty of good faith and fair dealing and unfair settlement practices claims, to the extent that they relate to the recovery of benefits under Defendant's ERISA plan, are preempted by ERISA. 29 U.S.C. § 1144 (a) ("[ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . .").

2.

Plaintiff's claims are barred because Plaintiff has failed to exhaust her administrative remedies provided under Defendant's ERISA plan. *See Burgeous v. Pension Plan for Employees of Sante Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir. 2000).

3.

Neither extra-contractual nor punitive damages are recoverable under ERISA in actions for recovery of benefits due under the plan. 29 U.S.C. § 1132 (a) (1) (B); *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29 (5th Cir.), *cert. denied*, 510 U.S. 816 (1993).

4.

Plaintiff is not entitled to attorneys' fees, court cost or court fees in this case because Plaintiff brought this suit prematurely, before exhausting all administrative remedies. Alternatively, Plaintiff is not entitled to attorneys' fees, court costs or court fees because the nature of this lawsuit does not support such an award. *See Todd v. AIG Life Ins. Co.*, 47 F.3d. 1448, 1459 (5th Cir. 1995).

5.

There is a failure of consideration in that the deceased and Plaintiff failed to pay the premiums required to maintain the deceased's supplemental life insurance policy.

6.

Plaintiff's DTPA claim is barred because she failed to provide written notice of her complaint and damages as required by the DTPA, Chapter 17 of the TEX. BUS. & COM. CODE ANN., § 17.505.

7.

Plaintiff's negligence claim is barred by the exclusive remedy provision of the Texas Workers' Compensation Act, TEX. LAB. CODE. ANN. § 408.001 (Vernon 1996).

8.

Defendant did not act in bad faith, with malice, ill will or recklessness towards Plaintiff.

## 9.

Defendant is not a "legal entity engaged in the business of insurance" and, therefore, cannot be liable under the Texas Insurance Code, TEX. REV. CIV. STAT. ANN. art. 21.21 (Vernon Supp. 2001).

## 10.

The standards for recovery, and limitations on amounts, of exemplary damages, if any, set forth in TEX. CIV. PRAC. & REM. CODE ANN. Chapter 41 apply to Plaintiff's claims against Defendants.

## **PRAYER**

THEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by this suit, that all costs of court be taxed against the Plaintiff, and that Defendant be granted all such other and further relief, legal or equitable, general or special to which it may be justly entitled.

Respectfully submitted,

_[signature]_

MICHAEL W. FOX
Attorney in Charge
State Bar No. 07335500
Southern District No. 10300
600 Congress Avenue, Suite 1600
Austin, Texas 78701
Telephone: (512) 867-8400
Telecopier: (512) 867-8470

OF COUNSEL
HAYNES AND BOONE, LLP
CHRIS A. SCHERER
State Bar No. 00794600
Southern District No. 19638
112 East Pecan Street, Suite 1600
San Antonio, Texas 78205
Telephone:  (210) 978-7000
Telecopier:  (210) 978-7450

Attorneys for Defendant
BROWNSVILLE MEDICAL CENTER

## CERTIFICATE OF SERVICE

Based on the Federal Rules of Civil Procedure, a copy of this document has been served by certified mail, return receipt requested, on April 10, 2001, upon the following:

Denis A. Downey
1185 F.M. 802, Suite 3
Brownsville, Texas 78526-1538

Shayne D. Moses
CANTEY & HANGER, L.L.P.
801 Cherry St., Suite 2100
Fort Worth, Texas 76102

Eduardo Roberto Rodriguez
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren St.
Brownsville, Texas 78522

_____
Michael W. Fox