*9*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 8 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GRACIELA CISNEROS, Individually and as Representative of the Estate of FERNANDO CISNEROS, Deceased, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. B-01-037 |
| BROWNSVILLE MEDICAL CENTER, TENET HEALTHCARE, INC. and TRANSAMERICA ASSURANCE COMPANY, | § § § § § | |
| Defendants. | § § | |

**DEFENDANT TRANSAMERICA ASSURANCE COMPANY'S
FIRST AMENDED ANSWER**

Transamerica Assurance Company, one of the Defendants in the above entitled and numbered cause, by way of its first amended answer would show as follows:

1.    Transamerica is without sufficient knowledge or information to admit or deny the allegations in paragraph I of Plaintiff's Original Petition regarding co-defendants. Transamerica admits that it, and not Transamerica Life Companies, "may be served by certified mail at P. O. Box 30852, Los Angeles, California 90030-0852."

2.    Transamerica is without sufficient knowledge or information to admit or deny the allegations in paragraph II of Plaintiff's Original Petition.

3.      Transamerica does not deny that Fernando Cisneros was an employee of Brownsville Medical Center where he worked as an x-ray technician.  Transamerica does not deny that Fernando Cisneros had employer provided core life insurance and that for a period he had supplemental life insurance.  Further, Transamerica does not deny that while such supplemental life insurance was in effect, premiums were paid monthly through payroll deductions. Transamerica is without sufficient knowledge or information to form a belief as to the remainder of the allegations in paragraph III of Plaintiff's Original Petition and, therefore, denies the same.

4.      Transamerica does not deny that Fernando Cisneros at one point in time applied to increase his supplemental life insurance.  Transamerica denies the remaining allegations contained in paragraph IV of Plaintiff's Original Petition.

5.      Based upon the information available to Transamerica, Transamerica does not deny that the deceased was diagnosed with cancer and underwent cancer treatment in Houston, Texas. Transamerica denies that it was Fernando Cisneros's employer.  Transamerica is without sufficient knowledge or information to form a belief as to the remainder of the allegations contained in paragraph V of Plaintiff's Original Petition and, therefore, denies the same.

6.      Transamerica does not deny that Fernando Cisneros died in March of 1999. Transamerica is without sufficient information or knowledge or form a belief as to the accuracy of what statements may have been made by Fernando Cisneros's former employer.  Transamerica denies the remaining allegations contained in paragraph VI of Plaintiff's Original Petition.

7.      Transamerica is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph VII of Plaintiff's Original Petition pertaining to Fernando

-2-

CVisPDF - www.fasiio.com

Cisneros's former employer.  Transamerica denies all allegations in paragraph VII to the extent they refer to Transamerica.

8.    Transamerica denies the allegations contained in paragraph VIII of Plaintiff's Original Petition.

9.    Transamerica denies the allegations contained in paragraph IX of Plaintiff's Original Petition.

10.    Transamerica denies the allegations contained in paragraph X of Plaintiff's Original Petition.

11.    Transamerica denies the allegations contained in paragraph XI of Plaintiff's Original Petition.

12.    Transamerica denies the allegations contained in paragraph XII of Plaintiff's Original Petition.

13.    Transamerica denies the allegations contained in paragraph XIII of Plaintiff's Original Petition.

14.    Transamerica denies the allegations contained in paragraph XIV of Plaintiff's Original Petition.

## AFFIRMATIVE DEFENSES

For further answer, if any is necessary, Transamerica alleges by way of affirmative defense the following:

15.    Plaintiff's breach of contract, negligence, Texas Deceptive Trade Practices Act, breach of duty of good faith and fair dealing and unfair settlement practices claims are all preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

16.     Plaintiff's claims are barred because Plaintiff failed to exhaust all administrative remedies provided under ERISA.

17.     ERISA preempts the recovery of any extra contractual or punitive damages in actions for recovery of benefits due under the plan.

18.     Plaintiff is not entitled to attorneys fees, court costs or court fees because this suit was brought prematurely.  Alternatively, Plaintiff's ERISA claims do not support the recovery of such an award.

19.     Plaintiff failed to pay the premiums required to maintain the deceased's supplemental life insurance policy.

20.     Plaintiff cannot recover under the DTPA because proper notice was not provided.

21.     Although punitive and exemplary damages are improper in this case, even if proper, they would be limited by Chapter 41 of the Texas Civil Practice and Remedies Code.

WHEREFORE, PREMISES CONSIDERED, Transamerica prays that Plaintiff take nothing by reason of this lawsuit and that Transamerica recover its costs on its behalf expended and all such other and further relief to which it may show itself justly entitled.

Shayne D. Moses, Attorney in Charge
State Bar No. 14578980
Federal ID No. 15350
801 Cherry Street, Suite 2100
Fort Worth, Texas  76102
(817) 877-2800
(817) 877-2807 -- Fax
Of Counsel:
    CANTEY & HANGER, L.L.P.

-4-

Eduardo Roberto Rodriguez
State Bar No. 17144000
Federal ID No. 1944
Lecia L. Chaney
State Bar No. 00785757
P. O. Box 2155
Brownsville, Texas  78522
(956) 542-7441
(956) 541-2170 -- Fax
Of Counsel:
    RODRIGUEZ, COLVIN & CHANEY, L.L.P.

ATTORNEYS FOR DEFENDANT,
TRANSAMERICA ASSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been mailed to counsel of record by certified mail, return receipt requested, on this the 15 day of May, 2001, addressed as follows:

Denis A. Downey
1185 F.M. 802, Suite 3
Brownsville, Texas  78526-1538

Chris Scherer
Haynes and Boone, LLP
112 East Pecan Street, Suite 1600
San Antonio, Texas  78205

Shayne D. Moses