## EOI Required For All Coverage Increases

EOI will be required for all future increases in coverage levels once you enroll in Supplemental Employee and/or Spouse Life Insurance coverage. This rule also affects employees who waive coverage during their initial enrollment and elect it at a later date. If EOI is denied, the affected individual will remain at his or her current coverage level.

EOI will be required when the new coverage amount increases over one of the following dollar thresholds: $500,000, $750,000, $1 million, $1.3 million, or $1.6 million, if you keep the same Supplemental Employee Life Insurance coverage level but your coverage amount increases as the result of a pay increase. If EOI is required and then subsequently denied, your coverage will automatically increase only to the applicable dollar threshold.

It is important to note once you drop coverage, you will be required to satisfy EOI requirements before you can re-enroll. However, if you are reinstating coverage following a FMLA leave, EOI requirements may be waived. (See *If You Take A Leave of Absence* on page 7 for more information.)

---

### For Example . . .

Let's say your annual benefits pay is $186,000 and you have the "4 x annual benefits pay" coverage level. Your coverage amount would be $744,000 in coverage (4 x $186,000). If your annual benefits pay increased to $189,000 and you remained at the same coverage level, your new coverage amount could potentially be $756,000. However, EOI would be required for the $6,000 that exceeds the $750,000 threshold. If EOI is denied, your coverage amount would still increase to the $750,000 threshold.

Once EOI has been denied, EOI will be required for any subsequent increase — even if the coverage amount does not exceed another threshold. Should EOI be approved at a later date, you will then be subject to the EOI requirements only if your coverage amount crosses over another threshold amount.

### How are my spouse's benefits determined?

- Coverage affected by *your* age
- EOI based on *your spouse's* age
- Premiums affected by *your* age

---

TRA 000068
Cisneros v. Brownsville Med, et al

*11*

Cisneros' "state law claims for breach of contract, violations of the TEX. BUS. & COM. CODE ANN. § 17.50 (DTPA), breach of duty of good faith and fair dealing, negligence, and intentional infliction of emotional distress are all based on [Transamerica's] refusal to make a lump sum payment of benefits under the employee pension benefit plan. These state law claims are analogous to those raised and found to be preempted by ERISA in previous decisions. Further, none of [Cisneros'] claims are protected under ERISA's saving clause which exempts from preemption 'any law of any state which regulates insurance, banking or securities.' Thus, all of the state law claims against [Transamerica] are preempted by ERISA."[2] Once this court finds, as it should, that the state law claims are preempted, the only remaining claim is Cisneros' claim to an entitlement to recover supplemental benefits. In evaluating this claim, the sole issue is whether Transamerica abused its discretion in determining that supplemental coverage was not in place because premiums had not been paid.[3]

2.

The Group Master Policy expressly provides that Fernando Cisneros, Jr.'s employer "serves as [his] agent and not as [Transamerica's] agent."[4] Additionally, the policy expressly provides that Transamerica is "vested with discretionary authority to determine eligibility for

---

[2]*Hogan v. Kraft Foods*, 969 F.2d 142, 144-145 (5th Cir. 1992) (citations omitted). Transamerica recognizes that preemption is not without its limits. "However, in the present case . . . [there is] no difficulty finding the state law causes of action preempted because 'the existence of a pension plan is a critical factor in establishing liability' under state law. *Heimann v. National Elevator Industry Pension Fund*, 187 F.3d 493, 512 (5th Cir. 1999).

[3]In making this determination, this Court "may consider only the evidence that was available to the plan administrator." *Bellaire General Hospital v. Blue Cross-Blue Shield*, 97 F.3d 822, 827 (5th Cir. 1996) (citations omitted).

[4]Exhibit B at TRA 000014.

benefits and to construe and interpret the plan/policy terms and provisions." Thus, an abuse of discretion standard applies.[5] In determining whether Transamerica abused its discretion, this court looks only at the administrative record.[6] As was the case in *Metatrust Financial Services Corp. v. The Sterling Chemicals, Inc.*, "(1) the language of the [Master Group Policy] vested the administrator [Transamerica] with discretion to determine eligibility for benefits and to interpret the terms of the Plan; . . . and (3) the administrator neither abused its discretion nor acted in bad faith."[7] "[When] the language of the plan grants such discretion, the court will reverse an administrator's decision only for abuse of discretion."[8] Here, Transamerica's decision to deny paying beyond the core benefit must be affirmed because it is supported by substantial evidence. Thus, Transamerica's denial of supplemental benefits must be upheld.

3.

The record indicates that the supplemental benefits were not in place at the time of Fernando Cisneros, Jr.'s death because such "coverage terminated on October 1, 1998, due to non-payment of premiums."[9] Cisneros does not dispute this fact. Instead, Cisneros merely asserts

---

[5] *Vega v. National Life Insurance Services, Inc., et al.*, 188 F.3d 287, 298 (5th Cir. 1999) ("[t]he existence of a conflict is a factor to be considered in determining whether the administrator abused its discretion in denying a claim. The greater the evidence of conflict on the part of the administrator, the less differential or abuse of discretion standard will be." Here, there is little to no evidence of conflict; moreover, there is no evidence of abuse of discretion.)

[6] *Id.* at 300; *Metatrust Financial Services Corp. v. The Sterling Chemicals, Inc.*, 168 F.3d 211, 215 (5th Cir. 1999). Significantly, Transamerica had no duty to proactively investigate Cisneros' claim. *Finster v. Metropolitan Life Insurance Company*, 927 F.Supp. 201, 205 (N.D. Tex. 1996).

[7] *Id.* at 213.

[8] *Id.*

[9] Exhibit E at TRA 000156.

---

"that defendants BMC and Tenet assumed the responsibility for collecting the health, disability, and life insurance premiums from its employees like the deceased, same being collected for the use and benefit of BMC's subsidiary and/or affiliate insurance companies, to-wit, Transamerica, which companies provided, for profit, the said health, and life insurance coverages referred to herein." [Sic][10] This premise is faulty on at least two separate bases. First, the summary judgment evidence establishes that Transamerica is not a subsidiary or affiliate of either BMC or Tenet. Next, as set forth in the policy, Tenet was Fernando Cisneros, Jr.'s agent and not Transamerica's agent. Thus, regardless of what steps BMC or Tenet did or did not take, the decision to deny coverage was not an abuse of discretion. To the contrary, it was a well informed and reasoned decision based on the failure of Fernando Cisneros, Jr. to make, or to have made on his behalf, premium payments. Without such payments, the additional coverage was not in place.

As established in the motion for judgment on the pleadings, motion for summary judgment and this brief, Transamerica is entitled to a judgment on the pleadings or alternatively a summary judgment. Accordingly, a final judgment to that effect should be entered.

*[signature]*

Shayne D. Moses, Attorney in Charge
State Bar No. 14578980
Federal ID No. 15350
801 Cherry Street, Suite 2100
Fort Worth, Texas 76102
(817) 877-2800
(817) 877-2807 -- Fax
Of Counsel:
    CANTEY & HANGER, L.L.P.

---

[10]Exhibit F at ¶ XI.

---

Eduardo Roberto Rodriguez
State Bar No. 17144000
Federal ID No. 1944
Lecia L. Chaney
State Bar No. 00785757
P. O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 -- Fax
Of Counsel:
    RODRIGUEZ, COLVIN & CHANEY, L.L.P.

ATTORNEYS FOR DEFENDANT,
TRANSAMERICA ASSURANCE COMPANY

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the above and foregoing document has been mailed to counsel of record by certified mail, return receipt requested, on this the 7th day of June, 2001, addressed as follows:

Denis A. Downey
1185 F.M. 802, Suite 3
Brownsville, Texas 78526-1538

Chris Scherer
Haynes and Boone, LLP
112 East Pecan Street, Suite 1600
San Antonio, Texas 78205

    _____
    Shayne D. Moses