IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 4 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GRACIELA CISNEROS, Individually and As Representative of the Estate of FERNANDO CISNEROS, DECEASED Plaintiff, | § § § § § | |
| VS. | § | CIVIL ACTION NO. B-01-037 |
| BROWNSVILLE MEDICAL CENTER, TENET HEALTHCARE, LTD. Defendants. | § § § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

1. Federal jurisdiction is based upon removal of a state court case which case Defendant alleges to raise a federal question under the Employee Retirement Income Security Act of 1974, (ERISA) 29 U.S.C.A. § 1144(a) which Defendant further alleges to have preempted certain of Plaintiff's state causes of action.

2. Fernando Cisneros, Deceased, was a longtime employee of Defendant who, while an x-ray technician, developed a rare form of cancer from which he ultimately died on or about March 10, 1999.

3. As an employee of Defendant, the Deceased had available certain options to purchase insurance coverages including health, disability, and life. The Deceased did, in fact, elect to purchase all such insurance coverages.

4. Under Defendant's rules, employees had only one annual "window" in which to change insurance coverages. During the 1997 "window" the Deceased decided that he had inadequate life insurance and applied for and received, supplemental coverage in the amount

of $116,000.00. Later, the Deceased was diagnosed with terminal cancer.

5. Because of the progression of the cancer, the Deceased eventually became totally disabled in the Fall of 1998. Because of the total disability the Deceased was ultimately terminated from employment at Brownsville Medical Center ("BMC") and the Deceased's wages paid by the Deceased's disability insurance.

6. All of the premiums for Deceased's health, life, and disability insurance coverages were always deducted by Defendant from the Deceased's wages pursuant to written agreement of the parties.

7. After the death of Fernando Cisneros a BMC hospital administrator familiar with the Deceased, stated that the Deceased had a large amount of life insurance and that the full amount of the life insurance coverages supposedly in place would be paid quickly. At such time Plaintiff had expressed grave concern about being able to feed her children and even pay for funeral expenses. Later, however, BMC staff claimed that the Deceased had not paid the premiums on the supplemental life insurance coverages and because of such alleged non-payment that the insurer had denied coverage.

8. Thereafter Defendant falsely represented that the Deceased had stated that he could not afford the additional life insurance premiums. Premiums allegedly were not paid beginning in October, 1998.

9. At the time policy premiums were first allegedly not paid, Plaintiff would show that:

   a) The Deceased was critically ill and knew he had very little time left to live;

   b) The Deceased had several dependents;

   c) The cost of the $116,000.00 insurance coverage was a mere $5.84 per pay period.

**Plaintiff's First Amended Complaint**                                                                    2

d) That at no time was the Deceased ever given a notice of insurance conversions rights by Defendant BMC or by any other entity.

10. Defendant now alleges, in essence, that a long term medical professional, totally disabled with terminal cancer and with five dependents, decided in September of 1998 he could not afford $5.84 per pay period for the $116,000.00 life insurance coverage he had obtained some ten months earlier. Further, since insureds with terminal illnesses can take an "accelerated benefit" option and be paid 50% of their death benefits, if the Deceased really could not afford the $5.84 premium on the $116,000.00 benefit amount, Defendant alleges that the Deceased did not take the $59,000.00 "accelerated benefit".

11. Plaintiff says that in failing to pay the herienabovementioned supplemental insurance premiums, or in failing to send the Deceased conversion notices, that Defendant BMC breached its contract or duty of care owed the Deceased.

12. Plaintiff further says that in failing to collect and pay the said insurance premiums, or alternatively, by failing to advise the Deceased that the premiums were not being paid as of October, 1999, and/or by failing to provide conversion notice to the Deceased knowing that the said insured BMC hospital employee had terminal cancer, breached the duty of care owed to the said insured employee and that such negligence or breach of contract proximately or directly caused damage to be suffered by Plaintiff.

13. Plaintiff further says that Defendant committed fraud after the insured's death by falsely, with the intent to deceive, representing that the insured had stated that the insured could not afford the $5.84 premium after September, 1999. The purpose of such fraudulent plan was to avoid having to pay the insured's survivors $116,000.00. Plaintiff further says that such

fraudulent action also violated § 17.50 of the Texas Deceptive Trade Practices Act, such wrongful conduct being comprised of those unconscionable acts as set out hereinabove.

14. Plaintiff further pleads that to the extent that any of Plaintiff's causes of action might be deemed to be preempted by the Employee Retirement Income Security Act (ERISA) but at all times denying same that Defendant's actions breached those fiduciary duties set forth in said statute. In that regard, however, Plaintiff pleads, alternatively, that none of Defendant's wrongful acts involved an ERISA covered duty and did not "relate to" an ERISA plan.

15. Plaintiff further says that the Deceased's death was proximately caused by the gross negligence of Defendant or the intentional or will acts of Defendant who subjected the Deceased to excessive radiation and who failed to adequately monitor x-ray said employees' health. In that regard Plaintiff would show that her deceased husband was told to keep working even though monitoring tags showed Plaintiff to have exceeded acceptable cumulative x-ray exposure. Said wrongful death is actionable under Texas law, including § 408.001(a) of the Texas Labor Code.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for damages, court costs, pre and post judgment interest, punitive damages, DTPA penalties, attorneys fees and such other and further relief as may be just.

Respectfully Submitted,

_____
DENIS A. DOWNEY
Bar No. 06085500
Federal No. 1186
1185 F.M. 802, Suite 3
Brownsville, Texas 78526-1538
956-544-0561 / 956-544-0562 (FAX)

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent this 24th day of **August, 2001**, via the U.S. Mail, first class, postage prepaid, to the following:

Chris A. Scherer
HAYNES AND BOONE, LLP
112 East Pecan Street, Suite 1600
San Antonio, Texas 78205-1540

_____
Denis A. Downey