19

United States District Court
Southern District of Texas
FILED

SEP 1 0 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GRACIELA CISNEROS, Individually and as Representative of the Estate of FERNANDO CISNEROS, Deceased, | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO: B-01-037 |
| BROWNSVILLE MEDICAL CENTER, TENET HEALTHCARE, INC. | § § § § | |
| *Defendants.* | § | |

**DEFENDANT BROWNSVILLE MEDICAL CENTER'S
RESPONSE TO PLAINTIFF'S MOTION TO AMEND**

Defendant Tenet Healthcare, Ltd. d/b/a Brownsville Medical Center ("BMC") (erroneously named "Tenet Healthcare, Inc." by plaintiff), respectfully requests that the court deny Plaintiff Graciela Cisneros' ("Cisneros") Motion to Amend.

**I.      Introduction.**

In an attempt to avoid summary judgment, Cisneros has filed a Motion to Amend. Despite the innocuous reasons set forth in her Motion to Amend, it is clear that the *real* reasons for the proposed amendment are to avoid ERISA preemption, to state a new claim under ERISA for breach of fiduciary duty, to state a claim for gross negligence and to add a claim for fraud. Cisneros' tardy motion to amend – filed concurrently with her past due summary judgment response – is intended to defeat BMC's timely motion for summary judgment. Cisneros should not be allowed to amend her complaint for the express purpose of defeating BMC's motion for summary judgment, and her Motion to Amend should be denied.

## II. Procedural History.

Cisneros filed suit in state court on February 2, 2001. The matter was removed on March 5, 2001, under federal question jurisdiction arising from ERISA preemption. BMC filed its Original Answer on April 11, 2001. On April 23, 2001, Defendants filed a Joint Discovery Plan but were unable to obtain input from Cisneros' counsel. On April 27, 2001, the court held an initial pretrial conference. Counsel for Defendants appeared; Cisneros' counsel did not appear. During the conference, the court set a July 9, 2001, deadline for dispositive motions. BMC filed and served its Motion for Summary Judgment on June 27, 2001. The submission date for Cisneros' response was July 17, 2001. Cisneros did not file a response. On August 14, 2001, during a hearing on co-defendant's motion for summary judgment, Cisneros' counsel appeared and dismissed the claims against co-defendant. On August 24, 2001, Cisneros filed a Motion to Amend as well as a response to BMC's Motion for Summary Judgment.

## III. Cisneros Should Not Be Allowed To Amend Her Complaint Because Of Undue Delay And Because It Would Create Undue Prejudice To BMC.

Although FED. R. CIV. P. 15 (a) "evinces a bias in favor of granting leave to amend," it is not automatic. *Southmark Corp. v. Schulte Roth & Zabel*, 88 F.3d 311, 315 (5th Cir. 1996), *cert. denied*, 519 U.S. 1057 (1997) (citations omitted). A decision to grant leave is within the discretion of the trial court. *Id.* (Citation omitted). In deciding whether to grant leave, the court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.* (Citation omitted). Cisneros' proposed amendment should be denied because of undue delay and because it would create undue prejudice to BMC.

### A.  Undue Delay.

"Liberality in pleading does not bestow on a litigant the privilege of neglecting her case for a long period of time." 88 F.3d at 315-16 (Citation omitted). Accordingly, in exercising its discretion to deny leave to amend a complaint, a trial court may properly consider (1) an "unexplained delay" following an original complaint, and (2) whether the facts underlying the amended complaint were known to the party when the original complaint was filed. *Id.* at 316 (citations omitted).

Cisneros has offered no explanation for the six month delay in seeking to amend her complaint. In the six months since she filed her petition, 1) the matter was removed to federal court on the basis of federal question jurisdiction for ERISA preemption, 2) BMC filed its answer asserting affirmative defenses including ERISA preemption, 3) the initial pretrial conference was held, Cisneros did not appear, and the court set a deadline for defendants to file dispositive motions, 4) BMC filed its motion for summary judgment asserting ERISA preemption and failure of Cisneros' negligence claim, and 5) the submission date for Cisneros' response to BMC's motion for summary judgment passed without response from Cisneros. During the six months between filing her petition in February and filing her motion to amend in August, Cisneros has not taken any action in this matter and has not offered any explanation for the lack of activity.

Furthermore, the facts underlying the original petition were known by Cisneros when she filed her original petition. No new facts have been discovered to justify her newly asserted additional causes of action. *What has prompted Cisneros' motion to amend is BMC's pending motion for summary judgment, **not** previously unknown facts.* Cisneros has been aware of the potential application of ERISA to her claims – including possible ERISA preemption of her

claims – as early as April 27, 1999, when her counsel noted both issues in a demand letter to former defendant Transamerica. [See Ex. 1 attached hereto and incorporated by reference herein]. Nevertheless, Cisneros knowingly and intentionally chose not to file a claim under ERISA and instead sought to circumvent ERISA by filing numerous causes of action arising from the denial of her claim for life insurance benefits. Caught in an attempt at "artful pleading," Cisneros should not now be allowed to defeat summary judgment by simply amending her pleading.

### B. Undue Prejudice.

As required by the court's April 27, 2001, order, BMC filed a motion for summary judgment based on the allegations and causes of action asserted in Cisneros' original petition. Two months later – and concurrently with her untimely summary judgment response – Cisneros seeks to amend her petition by adding an ERISA claim for breach of fiduciary duty, a claim for gross negligence and a claim for fraud. None of these claims were raised in her original petition and, therefore, none of them were addressed in BMC's motion for summary judgment. Indeed, as BMC pointed out in its motion for summary judgment, Cisneros failed to allege an ERISA cause of action [BMC MSJ at 8] and failed to properly assert a claim against BMC for the alleged wrongful death of her husband [BMC MSJ at 8-9 & n.4]. Cisneros should not benefit from her unexplained six month delay by being permitted to peruse BMC's motion at her leisure and thwart summary judgment by simply amending her complaint. Granting Cisneros' motion to amend would unduly prejudice BMC.

On similar grounds, the Fifth Circuit has affirmed a district court's order denying plaintiff's motion to amend. *See Overseas Inns, S.A., P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990). Citing the district court's opinion with approval, the court noted that prior to the

proposed amendment, defendant had already filed a motion for summary judgment based on the current pleadings and that granting plaintiff leave to amend "is potentially to undermine the government's right to prevail on a motion that necessarily was prepared without reference to an unanticipated amended complaint." *Id.* The court also approved the district court's opinion that "[a] party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending its complaint." *Id.*

The analysis and reasoning of *Overseas Inns* is directly applicable to the instant case. Like the defendant in *Overseas Inns*, BMC has filed its motion for summary judgment "based on the current pleadings." During the initial pretrial conference, the court directed BMC to file a dispositive motion based on likely ERISA preemption of the claims asserted by Cisneros in her original petition. Despite being fully aware of the grounds for summary judgment throughout (*e.g.*, ERISA preemption, failure of negligence claim), Cisneros did not avail herself of the opportunity to amend her pleading, instead purposefully choosing to wait until after BMC filed its motion for summary judgment so she could amend to defeat summary judgment. This is unduly prejudicial to BMC and should not be allowed.

## IV. Conclusion.

Because of the undue – and unexplained – delay, and the undue prejudice to BMC, Cisneros' motion to amend should be denied.

S-108034.1                                    5

Respectfully submitted,

*Michael W. Fox by permission CAScherer*

MICHAEL W. FOX
Attorney in Charge
State Bar No. 07335500
Southern District No. 10300
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1600
Austin, Texas 78701
Telephone: (512) 867-8400
Telecopier: (512) 867-8470

OF COUNSEL
HAYNES AND BOONE, LLP
CHRIS A. SCHERER
State Bar No. 00794600
Southern District No. 19638
112 East Pecan Street, Suite 1600
San Antonio, Texas 78205
Telephone: (210) 978-7000
Telecopier: (210) 978-7450

Attorneys for Defendant
BROWNSVILLE MEDICAL CENTER

## CERTIFICATE OF SERVICE

Based on the Federal Rules of Civil Procedure, a copy of this document has been served by certified mail, return receipt requested, on September __7__, 2001, upon the following:

Denis A. Downey
1185 F.M. 802, Suite 3
Brownsville, Texas 78526-1538

_____
Chris A. Scherer

**ENIS A. DOWNEY LL.M.**
*Attorney at Law*
1185 FM 802, Suite 3
Brownsville, Texas 78521

Office (956) 544-0561
Fax (956) 544-0562

RECEIVED

April 27, 1999

MAY 0 4 1999

SUPPORT SERVICES

Transamerica Assurance Company
1150 South Olive
Los Angeles, California 90015-2200

B of 261

<u>**CERTIFIED MAIL RRR   Z 735 631 618**</u>

Re:   Fernando Cisneros, Deceased
05928011 & 05928021
61557-VAD

Dear Sirs:

    Please be advised that I represent Mrs. Fernando Cisneros, wife of your deceased policy holder and have an assigned interest in her case. As you are doubtlessly aware, having investigated the claim as it relates to policy 05928011. Mr. Cisneros was a long-time employee (x-ray technician) of the Brownsville Medical Center who became totally disabled last Fall owing to a vicious form of cancer and who was subsequently transferred to M.D. Anderson in Houston. Mr. Cisneros died on March 10, 1999. You denied payment of policy 05928011 based on alleged failure to pay premiums.

    Since Mr. Cisneros was a long time health care worker, I think it is fair to surmise that when he was told that he had "advanced lymplisuea", that he understood that his death was imminent. I think, further, that it would be probable that at least one of the dozen or so physicians who treated Mr. Cisneros would have communicated to him very early on, the nature of his prognosis. Since Mr. Cisneros, judging from the comments of his co-workers, was an intelligent man, the inescapable question presents itself: Why would an intelligent man who knew he was dying (or his dependents), who had paid for years on a major life insurance policy, whose policy premiums were modest because of the insured's young age, and who had five dependants, ever permit *any* life insurance policy to lapse?

    The logical conclusion is that neither the insured, nor his dependents, would ever have done so. The question then is, if the policy actually lapsed, who was responsible? (Of course, since Mr. Cisneros did not apparently receive any notice of lapse, it is certainly our position that there was no lapse). If there was a defacto lapse, that could only have happened if (1) his employer, Tenet,

TRA 000164
Cisneros v. Brownsville Med, et al

EXHIBIT __1__

Transamerica Assurance Compan[y]
Page 2
April 27, 1999

negligently failed to continue paying premiums and/or, (2) the disability carrier failed to pay withholding funds to Tenet or to Transamerica relative to such life insurance policies.

This letter, reserving the question of the applicability of ERISA to the to the facts of this case, in whole or in part, is sent for the purpose of appealing the plan administrator's rejection of my client's claim (Virginia Diaz letter of April 21, 1999, and (2) to make demand upon Transamerica Life Companies in the amount of $1.5 million dollars, same representing claims for policy benefits, the consequential damages and mental anguish damages of the widow and four children whose lives have been devastated by your denial of coverage. To the extent that my client's claims may involve possible violations of the Texas Deceptive Trade Practices Act (derivative Texas Insurance Code claims), and to the extent that such claims may not be preempted by ERISA, please be advised that you have sixty (60) days to satisfy the following demand:

1) Pay actual damages of $1.5 million;

2) Pay contingency attorney fees of $500,000.00;

3) Pay $633.00 owed under policy 05928011 which is still due;

and that a failure to do so may result, thereafter, in the filing of a lawsuit. I trust that you will give this matter the urgent attention required.

Finally, I request the opportunity to review all of the evidence upon which claim denial was based.

Yours truly,

Denis A. Downey

DAD/ju

TRA 000165
Cisneros v. Brownsville Med, et al