

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 0 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GRACIELA CISNEROS, Individually and as Representative of the Estate of FERNANDO CISNEROS, Deceased, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO: B-01-037 |
| BROWNSVILLE MEDICAL CENTER, TENET HEALTHCARE, INC. | § § § | |
| *Defendants.* | § § | |

**DEFENDANT'S REPLY
TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

Defendant Tenet Healthcare, Ltd. d/b/a Brownsville Medical Center ("Tenet" or "BMC") (erroneously named "Tenet Healthcare, Inc." by plaintiff), hereby replies to Plaintiff Graciela Cisneros' ("Cisneros") Response to Motion for Summary Judgment Filed by Brownsville Medical Center/Tenet Healthcare, Ltd. ("the Response").[1]

**I.  Introduction.**

The basis for this lawsuit is the denial of supplemental life insurance benefits made available through the TenetSelect Plan. Put another way, "but for" the denial of benefits, there would be no lawsuit. Cisneros' effort to shift the focus of her claims to avoid ERISA preemption fails. Similarly, Cisneros' effort to "excuse" her inadequately pled "wrongful death" claim and properly plead it in her Response fails. Summary judgment for BMC on all claims is proper.

---

[1]  Cisneros' Response is untimely and should not be considered. BMC filed its motion for summary judgment on June 27, 2001. Under Local Rule LR7.4, responses to motions "[m]ust be filed by the submission day." Also, under the Rule, "[f]ailure to respond will be taken as a representation of no opposition." Local Rule LR7.3 defines "Submission" and states that opposed motions will be submitted to the judge "twenty days from filing." According to the court's June 27, 2001, docket sheet entry, BMC's motion was docketed for submission on July 17, 2001. Cisneros' Response was filed more than one month after the submission date.

II.  **Cisneros' Claims "Relate To" Tenet's ERISA Plan And They Are Preempted.**

In response to BMC's argument that her claims are preempted by ERISA, Cisneros now asserts that her numerous causes of action do not "relate to" Tenet's ERISA plan and, therefore, they are not preempted.[2] Although a clever argument, it fails to address the controlling, directly applicable case law cited by BMC in its motion for summary judgment holding that state law claims arising from denial of benefits under an ERISA plan "relate to" ERISA and are preempted.

The cases cited by BMC in its motion for summary judgment are directly applicable to the instant case. In *McNeil*, plaintiff sued defendant insurer because of its denial of his claim for payment of medical bills under the health insurance plan. *McNeil v. Time Ins. Co.*, 205 F.3d 179 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1189 (2001). The Fifth Circuit held that the insurance plan in question was an ERISA plan, and affirmed the district court's holding that plaintiff's state law claims (breach of contract, breach of the duty of good faith and fair dealing, negligent misrepresentation, common law discrimination, waiver, estoppel and ratification and claims under the Texas Insurance Code) were preempted by ERISA. *Id.* at 191. The court held that each claim addressed plaintiff's right to receive benefits under the terms of an ERISA plan, the claims directly affected the relationship between plaintiff and the insurer, and that a finding for either party would affect the obligations owed to the other under the provisions of the plan. *Id.*

Similarly, in *Armstrong*, plaintiff brought suit against the insurer and her employer over failure to pay life insurance benefits. *Armstrong v. Columbia/HCA Healthcare Corp.*, 122 F. Supp. 2d 739 (S.D.Tex. 2000). Plaintiff filed suit in state court, alleging negligent misrepresentation, breach of warranties, violation of the Texas DTPA, violation of the Texas Insurance Code, breach of the duties of good faith and fair dealing, breach of fiduciary duty and

---

[2] In her Response, Cisneros concedes that the TenetSelect Plan is an ERISA plan. See Response at 2.

breach of contract. *Id.* at 741. Defendants removed the case based on federal question jurisdiction arising from ERISA preemption. *Id.* After holding that the plan in question was an ERISA plan, the court summarized the lawsuit as follows: "[p]laintiff here is a plan participant suing her employer and the insurance plan in an effort to obtain benefits she feels have been wrongly denied." *Id.* at 745. Noting that plaintiff's "array of state law claims" related to the denied benefits and that the outcome of the dispute would directly affect the relationships between the parties, the court held that plaintiff's state law claims were preempted by ERISA and dismissed the lawsuit. *Id.* at 746-47.

Neither of the cases cited by Cisneros in her Response are applicable to the instant case. In *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645 (1995), the Court held that surcharges required by New York statute do not "relate to" employee benefit plans within the meaning of ERISA's preemption provision and are not preempted. The Court noted that the surcharges at issue affect "only indirectly" the relative prices of insurance policies and, therefore, did not "relate to" an ERISA plan. In *Pegram v. Herdrich*, 530 U.S. 211, 237 (2000), the Court held that mixed eligibility decisions by HMO physicians are not fiduciary decisions under ERISA, and that the plaintiff failed to state an ERISA claim. The Court expressly noted that it did not have reason to discuss the interaction of an ERISA claim to recover benefits under 29 U.S.C. § 1132(a)(1)(B) with state law causes of action. *Id.* at 229 n.9.[3]

The applicable, directly relevant case law cited by BMC – *McNeil* and *Armstrong* – provides the rule of law for the instant case. As did the plaintiffs in those cases, Cisneros has brought an "array" of state law claims against her employer and the insurer arising from the

---

[3]     *Pegram*, therefore, does not address the relevant issue in the instant case – whether Cisneros' state law claims arising from denial of ERISA benefits are preempted by ERISA.

denial of life insurance benefits allegedly due her. Like the policies in *McNeil* and *Armstrong*, the life insurance policy here is part of an ERISA plan. As the courts found on similar facts in *McNeil* and *Armstrong*, Cisneros' claims "relate to" the ERISA plan and directly affect ERISA entities. Accordingly, the holding in both cases – that the state law claims were preempted by ERISA – is directly applicable to the instant case.

### III. Cisneros' Wrongful Death Claim Fails.

Cisneros' failure to allege a viable cause of action for the death of her husband cannot be excused as mere "broad form pleading." As alleged in paragraph XII of her Original Petition, Cisneros asserts that "Tenet failed to provide a safe working environment for the deceased . . . such wrongful conduct proximately caused the death of the deceased . . . ." There is no mention of TWCA §408.001, no mention of Tenet's alleged gross negligence, and no mention of a claim under the Texas Wrongful Death Act. Cisneros should not now be allowed to pursue such claims with nothing more than the excuse "that's what I meant."

### IV. Conclusion.

Summary judgment for BMC on all claims is proper notwithstanding Cisneros' untimely response.

Respectfully submitted,

*Michael W. Fox* by permission *C Scherer*
_____
MICHAEL W. FOX
Attorney in Charge
State Bar No. 07335500
Southern District No. 10300
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1600
Austin, Texas 78701
Telephone: (512) 867-8400
Telecopier: (512) 867-8470

OF COUNSEL
HAYNES AND BOONE, LLP
CHRIS A. SCHERER
State Bar No. 00794600
Southern District No. 19638
112 East Pecan Street, Suite 1600
San Antonio, Texas 78205
Telephone: (210) 978-7000
Telecopier: (210) 978-7450

Attorneys for Defendant
BROWNSVILLE MEDICAL CENTER

## CERTIFICATE OF SERVICE

Based on the Federal Rules of Civil Procedure, a copy of this document has been served by certified mail, return receipt requested, on September __7__, 2001, upon the following:

Denis A. Downey
1185 F.M. 802, Suite 3
Brownsville, Texas 78526-1538

_____
Chris A. Scherer