25

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

DEC 1 8 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| GRACIELA CISNEROS, INDIVIDUALLY § | |
| AND AS REPRESENTATIVE OF THE § | |
| ESTATE OF FERNANDO CISNEROS, § | |
| DECEASED § | |
| § | |
| VS. § | CIVIL ACTION NO. B-01-037 |
| § | |
| BROWNSVILLE MEDICAL CENTER, § | |
| TENET HEALTHCARE, INC. AND § | |
| TRANSAMERICA ASSURANCE § | |
| COMPANY § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Brownsville Medical Center's Motion for Summary Judgment & Supporting Brief (Docket No. 13). The Plaintiff has filed a reply (Docket No. 17) to which the Defendant has responded (Docket No. 20).

## FACTS

The Defendant in this case is Tenet Healthcare, Ltd. d/b/a Brownsville Medical Center ("BMC"). Plaintiff is Graciela Cisneros ("Mrs. Cisneros"), Individually and as Representative of the Estate of Fernando Cisneros, Deceased.

After reviewing the pleadings, affidavits and exhibits, the Court believes the following to be an accurate summary of the uncontested facts.

Fernando Cisneros ("Fernando") was hired by BMC on July 10, 1989, as an X-ray technician. Fernando died of cancer on March 10, 1999. During 1998, Fernando became unable to work and he was terminated by BMC.

BMC offered its employees a benefit package that included life insurance. BMC paid for "core coverage." Employees had the option, at their expense, of purchasing additional life insurance. On December 4,1995, Fernando exercised that option and purchased an additional $56,000.00 life insurance. On November 18, 1997, he again exercised the option to raise his coverage to $116,000.00. The premium for the additional optional coverage was $5.84 per pay period. According to an Exhibit attached to Plaintiff's response to BMC's Motion for Summary Judgment (Docket No. 17, Exhibit A), Fernando's last day of employment was September 26, 1998. His payroll stub reflected a deduction of $5.84 for the optional life insurance coverage.

## PLAINTIFFS' CLAIMS

Plaintiff's First Amended Complaint (Docket No. 18) claims that the insurance premiums for the optional life insurance coverage should have been deducted from Fernando's disability insurance, but they were not. Mrs. Cisneros also claims that Fernando was never advised of his right to convert his optional coverage. This contention is bolstered by a handwritten note (Docket No. 17, Exhibit D) which is apparently an internal BMC memorandum asking if Fernando were ever given the conversion forms.

In Plaintiff's First Amended Complaint (Docket No. 18), she raises several state law claims against BMC for its failure to pay the premiums on Fernando's life after his termination. Alternatively, she seeks recovery for these benefits.

Mrs. Cisneros also claims that Fernando's death was caused by BMC's gross negligence in instructing Fernando to continue working after his monitoring tags showed that he had exceeded acceptable cumulative X-ray exposure.

## MOTION FOR SUMMARY JUDGMENT

BMC has filed a Motion for Summary Judgment (Docket No. 13) claiming that Mrs. Cisneros' claims are preempted by Employee Retirement Income Security Act of 1974 ("ERISA") and her wrongful death claims are barred by Texas law.

## OPINION

There is no question that BMC's plan was an ERISA plan *Pegram v. Herdrich*, 530 U.S. 211; 120 S. Ct. 2143 (2000). However, the question is whether Mrs. Cisneros' state law claims are preempted by ERISA.

Applying the analysis used by Judge Kent of this Court in *Armstrong v. Columbia/HCA Healthcare Corporation*, 122 F. Supp. 2d 739, 742-745 (S.D. Tex. 2000) demonstrates that the state law claims are preempted. First, Fernando would not have been able to purchase the extra coverage but for BMC's contribution to the basic insurance. The plan was maintained to benefit employees like Fernando. Mrs. Cisneros' claims for the additional life benefits do in fact relate to the ERISA plan. Like the plaintiff in *Armstrong*, Mrs. Cisneros is suing to recover benefits that she believes have been wrongfully denied because of BMC's failure to pay the premiums due for the additional benefits. As Judge Kent stated in *Armstrong*, " In sum, each of Plaintiff's claims relate to an ERISA plan, and as such ordinary preemption applies." 122 F. Supp. 2d at 745.

Mrs. Cisneros' pleadings implicate ERISA's civil enforcement provision 29 U.S.C. § 1132. She is clearly entitled to pursue a cause of action under that provision with respect to the benefits she claims are owing.

3

Mrs. Cisneros has, in her First Amended Complaint, claimed that Fernando's death was caused by BMC's gross negligence. Clearly, these claims are fact intensive, not susceptible at this juncture to resolution by summary judgment.

It is therefore **ORDERED** that BMC's Motion for Summary Judgment with respect to Plaintiff's state law claims be **GRANTED.**

It is further **ORDERED** that BMC's Motion for Summary Judgment with respect to Plaintiff's claims for benefits be **DENIED**; and that BMC's Motion for Summary Judgment with respect to Plaintiff's claims that Fernando Cisneros' death resulted from gross negligence be **DENIED**.

SIGNED at Brownsville, Texas this 18th day of December, 2001.

John Wm. Black
United States Magistrate Judge

4