

United States District Court
Southern District of Texas
FILED

FEB 1 3 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GRACIELA CISNEROS, Individually and as Representative of the Estate of FERNANDO CISNEROS, Deceased, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO: B-01-037 |
| BROWNSVILLE MEDICAL CENTER, TENET HEALTHCARE, LTD. | § § § § | |
| *Defendants.* | § | |

## DEFENDANT'S FIRST AMENDED ANSWER

Defendant Tenet Healthcare, Ltd. d/b/a Brownsville Medical Center, by way of amended answer would show:

1.

Defendant does not deny that federal jurisdiction is based on federal question jurisdiction arising from ERISA preemption of Plaintiff's claims and application of ERISA to Plaintiff's claim for benefits. Defendant does not deny that ERISA preempts most of Plaintiff's state law claims.

2.

Defendant does not deny that Plaintiff's husband, Fernando Cisneros ("the Deceased"), was an employee of Defendant who worked as an x-ray technician. Defendant does not deny that the Deceased died of cancer on March 10, 1999. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of Plaintiff's allegations in Paragraph 2 and, therefore, denies them.

3.

Defendant does not deny that as an employee of Defendant, the Deceased had the option to enroll in certain insurance coverage and that the Deceased did elect to enroll in life, health and disability insurance coverage under Defendant's ERISA plan.

4.

Defendant does not deny that under its ERISA plan, benefit elections were required to be made during specified benefit enrollment periods. Defendant does not deny that the Deceased increased his supplemental life insurance in 1997 to a $116,000.00 benefit. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 4 and, therefore, denies them.

5.

Defendant does not deny that the Deceased became totally disabled and that his employment with Defendant was terminated in September 1998 because the Deceased was no longer able to work. Defendant does not deny that the Deceased received benefits under his disability insurance coverage.

6.

Defendant does not deny that while the Deceased was employed, he paid the premiums for his supplemental life insurance, health insurance and disability insurance via payroll deduction. Defendant denies the remaining allegations in Paragraph 6.

7.

Defendant denies informing Plaintiff that the Deceased had a large amount of life insurance and that the full amount of the life insurance coverage in place would be paid quickly. Defendant does not deny informing Plaintiff that the insurance premiums for the supplemental

life insurance had not been paid by the Deceased and that the insurance carrier denied coverage due to non-payment of premium. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations in Paragraph 7 and, therefore, denies them.

8.

Defendant does not deny that the Deceased failed to pay the premiums for his supplemental life insurance beginning in October 1998. Defendant denies the remaining allegations in Paragraph 8.

9.

Defendant does not deny that Deceased had several dependents in October 1998. Defendant denies that the supplemental life insurance premium was $5.84/pay period after the Deceased was no longer employed by Defendant in September 1998. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations in Paragraph 9 and, therefore, denies them.

10.

Defendant does not deny that Deceased did not take the accelerated benefit option available to him under Defendant's ERISA plan. Defendant denies the remaining allegations in Paragraph 10.

11.

Defendant denies the allegations in Paragraph 11.

12.

Defendant denies the allegations in Paragraph 12.

13.

Defendant denies the allegations in Paragraph 13.

14.

Defendant denies the allegations in Paragraph 14.

15.

Defendant denies the allegations in Paragraph 15.

## **AFFIRMATIVE DEFENSES**

For further answer, if any is necessary, Defendant alleges by way of affirmative defense:

16.

Plaintiff has no claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) because plaintiff has an adequate remedy for denial of benefits under 29 U.S.C. § 1132(a)(1). *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998).

17.

Defendant is not a proper party to plaintiff's claim for denial of benefits under 29 U.S.C. § 1132(a)(1).

18.

Defendant did not make the decision to deny plaintiff's claim for benefits.

19.

Neither extra-contractual nor punitive damages are recoverable under ERISA in actions for recovery of benefits due under the plan. 29 U.S.C. § 1132(a)(1)(B); *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29 (5th Cir.), *cert. denied*, 510 U.S. 816 (1993).

20.

Plaintiff is not entitled to attorneys' fees, court costs or court fees because the nature of this lawsuit does not support such an award. *See Todd v. AIG Life Ins. Co.*, 47 F.3d. 1448, 1459 (5th Cir. 1995).

21.

Defendant did not act in bad faith, with malice, ill will or recklessness towards Plaintiff.

22.

The standards for recovery, and limitations on amounts, of exemplary damages, if any, set forth in TEX. CIV. PRAC. & REM. CODE ANN. Chapter 41 apply to Plaintiff's claims against Defendant.

## PRAYER

THEREFORE, Defendant prays that Plaintiff take nothing by this suit, that all costs of court be taxed against the Plaintiff, and that Defendant be granted all such other and further relief, legal or equitable, general or special to which it may be justly entitled.

Respectfully submitted,

*/s/ Michael W. Fox by permission*

MICHAEL W. FOX
Attorney in Charge
State Bar No. 07335500
Southern District No. 10300
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1600
Austin, Texas 78701
Telephone: (512) 867-8400
Telecopier: (512) 867-8470

S-111991.1

OF COUNSEL
HAYNES AND BOONE, LLP
CHRIS A. SCHERER
State Bar No. 00794600
Southern District No. 19638
112 East Pecan Street, Suite 1600
San Antonio, Texas 78205
Telephone: (210) 978-7000
Telecopier: (210) 978-7450

Attorneys for Defendant
TENET HEALTHCARE, LTD.
d/b/a BROWNSVILLE MEDICAL CENTER

## CERTIFICATE OF SERVICE

Based on the Federal Rules of Civil Procedure, a copy of this document has been served by certified mail, return receipt requested, on February 12, 2002, upon the following:

Denis A. Downey
1185 F.M. 802, Suite 3
Brownsville, Texas 78526-1538

_____
Chris A. Scherer